[L. A. No. 9526. In Bank.—October 8, 1929.]

NELLIE BALDWIN et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

MRS. JAMES T. McGUFFIN, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Bertrand J. Wellman and Norval N. Edwards for Appellants.

E. E. Morris, Frank Karr, C. W. Cornell and S. W. Rein-
haus for Respondents.

LANGDON, J.—This is an appeal by the plaintiffs in two
cases which were consolidated by stipulation in the trial
court because each case involved the same facts. The plain-
tiffs, respectively, are heirs of Elwood L. Baldwin, deceased,
and James T. McGuffin, deceased. Baldwin and McGuffin
were killed in a collision between an automobile driven by
McGuffin, in which Baldwin was riding and an electric car
owned and operated by defendant Pacific Electric Railway
Company.

It is unnecessary to recite the facts in great detail,
because the verdict of the jury has determined the issues of
negligence upon conflicting evidence. In brief, the situa-
tion is that the automobile was being driven, at night, along
the state highway which was intersected by the railway
tracks of the defendant company. The railway tracks were
protected by gates which were properly lowered at the time
of the collision. From the gates was suspended a red
lantern. Decedents crashed through the gates on to the
tracks and the automobile in which they were riding was
struck by the train. There are some conflicts in the evidence,
as is usual in a case of this kind, but the record contains
abundant evidence to support the finding of the jury, that
the defendant company was free from negligence and that the
accident was caused solely and proximately by the neg-
ligence of McGuffin. There is in the record testimony which
indicates clearly that the driver of the automobile was or
should have been familiar with the crossing and there was
no evidence to indicate the contrary. He had lived for
eleven years at a near-by town and his wife testified that
they had driven over the crossing occasionally during that
time, but not often. While appellants contend vigorously
that the decedent McGuffin was not familiar with the cross-
ing and their objection to some of the instructions given by
the court is predicated upon this assumption, there is no evi-
dence in the record to support this assumption, and, as we
have stated, the only evidence upon the question indicates
the contrary.

The larger portion of the appellants' brief is made up of
lengthy quotations from the evidence favorable to appel-

lants, but in the face of the very decided conflict between the facts and inferences to be drawn therefrom, we shall not attempt to usurp the province of the jury in determining the facts.

It is stated in appellants' brief that the "major errors relied upon for reversal are: The refusal of the court to give plaintiffs' instruction No. 3 to the effect that the defendant was required to exercise reasonable care to illuminate the gates and crossing in question, and giving defendants' instruction No. 29 to the effect that it was not negligence not to have the crossing lighted with articficial light and instruction No. 14 to the effect that it was not negligence to have no wig-wag or human flagman at the crossing."

The effect of the plaintiffs' instruction No. 3, which was refused by the court, was conveyed to the jury by plaintiffs' instruction No. 13, which was given as requested and which stated: "While a railroad crossing is warning of danger, if the conditions are such that it cannot be seen or known to a person exercising reasonable care, it is not a warning and all that is said in these instructions about a railroad crossing being a warning of danger only applies to those crossings that a reasonably careful person could see and know were there."

As to the alleged error in giving instructions 29 and 14 at the request of defendants, it is conceded that in the absence of statute, there is no duty on the part of the railway company to have a crossing lighted with artificial light, nor to have a flagman stationed there, and that no statute placing these duties upon the defendant railway company was in existence is also conceded. It was, therefore, not negligence *per se*, for the company to have neglected to do either. The instruction above quoted, given at the request of plaintiffs and appellants, covers the matter fairly to them, by allowing the jury to say whether, under all the conditions—lighting, warnings, etc.—a reasonably careful person would become aware of the existence of the crossing as he approached it.

While each instruction given and refused by the trial court is set forth in the brief of appellants with an objection thereto, we find no merit in any of the points made.

 It is beyond dispute, of course, as argued by the appellants that although the driver of the car was guilty of contributory negligence, if the defendant railway company were guilty of negligence proximately causing the injury, the heirs of Baldwin, who was a guest in the car, would not be barred from a recovery, as such contributory negligence could not be imputed to him. However, the jury was correctly instructed upon that question to the effect that if McGuffin's negligence was *alone* the proximate cause of the accident, neither of the plaintiffs could recover. We must assume the jury followed this instruction and found that the defendant company was free from negligence and that the negligence of McGuffin alone proximately caused the accident.

The judgment is affirmed.

Waste, C. J., Richards, J., Seawell, J., Preston, J., and Curtis, J., concurred.

Rehearing denied.

Curtis, J., dissented.